UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRANDON L. BURNS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ARAMARK, et al.,<br><br>　　　　Defendants. | Case No. 18-CV-05768-LHK<br><br>**ORDER OF DISMISSAL WITH PREJUDICE** |

　　　Plaintiff, a California state pretrial detainee proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983. Plaintiff's complaint was screened and dismissed by the Court on November 14, 2018 ("DWLTA Order"). Dkt. No. 5. Plaintiff was given 28 days to amend his allegations. *Id.* at 2.

　　　When plaintiff failed to file an amended complaint within the deadline, the Court dismissed the case. Dkt. No. 9. Plaintiff subsequently moved to reopen and filed an amended complaint ("FAC"). Dkt. Nos. 13, 14.

　　　On March 15, 2019, the Court granted plaintiff's motion to reopen, and stated that the Court would review the FAC pursuant to 28 U.S.C. § 1915A. Dkt. No. 15.

# DISCUSSION

A. <u>Legal Standard</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B. <u>Legal Claim</u>

Plaintiff challenges the kosher meal program at Santa Rita Jail in Alameda County, which appears to be operated by an entity known as Aramark. *See* FAC & Exs. Specifically, plaintiff alleges that "through low standards of preparation," "kitchen employees are trying to deter the kosher/halal population from dining." FAC at 1. Plaintiff alleges that in furtherance of this effort, the kitchen employees are "serving non-kosher/halal foods and [altogether] missing foods." *Id.*

In the DWLTA Order, the Court gave plaintiff specific instructions on what he must allege in any amended complaint in order to state a claim against Santa Rita Jail or Aramark:

> Plaintiff has named as a defendant Santa Rita Jail. Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). To impose municipal liability under Section 1983 for a violation of constitutional rights resulting from governmental inaction or omission, a plaintiff must show: "(1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation." *Oviatt By and Through Waugh*

2

Case No. 18-CV-05768-LHK
ORDER OF DISMISSAL WITH PREJUDICE

> *v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (internal quotation marks omitted). Plaintiff has not alleged that the Santa Rita Jail has a policy that amounts to deliberate indifference to plaintiff's constitutional rights or that such policy is the moving force behind a constitutional violation. The claim against Santa Rita Jail is DISMISSED with leave to amend if plaintiff believes that he can state a cognizable claim for relief against it.

DWLTA Order at 4. The requirement that a plaintiff identify a policy also applies to private entities working with the municipality under color of state law. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) ("To make out a claim against Desert Palace under *Monell*, Tsao must show that (1) Desert Palace acted under color of state law, and (2) if a constitutional violation occurred, the violation was caused by an official policy or custom of Desert Palace.").

The FAC does not follow the Court's instructions. Plaintiff did not identify any policy, instead stating that the "kitchen employees" at the jail are trying to deter inmates from requesting kosher and halal meals by following "low standards of preparation" for kosher and halal meals. FAC at 1. Plaintiff does not identify any policy, either of Santa Rita Jail or of Aramark, that the kitchen employees are following in so acting, and appears to believe that Santa Rita Jail and Aramark should be held liable because of the kitchen employees' conduct. *See id.* However, "a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). Because plaintiff has not identified any policy of Santa Rita or Aramark that leads to deficient meals, he has not cured the deficiencies identified in the DWLTA Order.

Moreover, even if plaintiff had identified such a policy, the Court notes that plaintiff did not "demonstrate that the deficiency of the food provided presents a sufficiently serious condition to meet the objective prong of the Eighth Amendment deliberate indifference analysis," as he was instructed to do. DWLTA Order at 3. The Court has reviewed the grievance records attached to the FAC. In nearly every instance where plaintiff has raised the matter to prison authorities, the item missing from plaintiff's meal is a condiment. *See, e.g.*, FAC at 8 (jelly was missing on one

3
Case No. 18-CV-05768-LHK
ORDER OF DISMISSAL WITH PREJUDICE

day, sugar on another), 11 (at alternate meals, Kool-Aid packets, peanut butter, or salad dressing were missing). The grievance records also reveal that, where plaintiff brings deficiencies to the attention of prison authorities, he is given a replacement meal tray. *See, e.g.*, FAC at 9 (on May 3, 2018, instructing plaintiff to "request a replacement meal" when he "feel[s] [his] meal may be missing components"), 13 (noting that plaintiff was offered and accepted a replacement meal on May 6, 2018), 15 (noting that plaintiff was offered and accepted a replacement meal on May 8, 2018). As the Court explained in the DWLTA Order, Santa Rita Jail is required only to provide "food that is adequate to maintain health; the food need not be tasty or aesthetically pleasing." DWLTA Order at 2 (discussing requirements under the Eighth Amendment), 3 (discussing requirements under the First Amendment). That the missing items appear to be condiments, and that plaintiff is given replacement meals when he requests them, strongly suggests that plaintiff is receiving "food that is adequate to maintain health."

Finally, in the FAC, plaintiff also challenges the process by which Santa Rita Jail and/or Aramark evaluates inmates for religious diets. FAC at 1-2. However, it is well-settled that requiring inmates to file an application to receive religious diets "is 'reasonably related to legitimate penological interests,'" and so "cannot be said to abridge" constitutional rights. *Resnick v. Adams*, 348 F.3d 763, 771 (9th Cir. 2003) (considering the requirement to participate in the federal prisons' program accommodating religious diets).

C.  <u>Amendment Would Be Futile</u>

A district court must afford *pro se* prisoner litigants an opportunity to amend their complaints to correct any deficiencies in their complaints. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). However, leave to amend need not be given where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). "Five factors are frequently used to assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Allen*

4

Case No. 18-CV-05768-LHK
ORDER OF DISMISSAL WITH PREJUDICE

*v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). The district court may properly deny leave to amend if only one or two of the factors are fulfilled. *See id.* (affirming denial of amendment, where the last two factors were fulfilled). Here, the Court denies leave to amend because plaintiff has previously amended his complaint and failed to cure fatal defects, and because amendment would be futile.

The Court dismissed the Complaint with leave to amend, and instructed plaintiff to identify a policy of Santa Rita Jail and/or Aramark that led to the constitutional deprivations alleged, and to provide facts showing the food's deficiency was a sufficiently serious condition. *See* DWLTA Order at 2, 3-4. Because plaintiff has failed to cure these defects, despite guidance and a warning from the Court, the Court believes plaintiff cannot successfully state a claim. *See Allen*, 911 F.2d at 373-74 (affirming a district court's denial of leave to amend where plaintiff had previous opportunities to cure defects); *Farahani v. 123TD.com, LLC*, No. 12-CV-04637-LHK, 2013 WL 6688098, at *5 (N.D. Cal. Dec. 18, 2013) (denying leave to amend where plaintiff repeatedly failed to invoke subject matter jurisdiction).

In sum, amendment would be futile because "it appears beyond doubt that the plaintiff can prove no set of facts" that would state a claim. *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007). Accordingly, dismissal is with prejudice.

## CONCLUSION

Plaintiff's complaint is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

DATED: 6/27/2019

LUCY H. KOH
UNITED STATES DISTRICT JUDGE